# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JEFFREY D. WILLINGHAM,  }
           }
  **Plaintiff,**      }
           }
v.           }  **Case No.: 2:16-cv-00435-MHH**
           }
INDUSTRIAL CHEMICALS, INC. }
and WILLIAM L. WELCH, JR.,  }
           }
  **Defendants.**     }

## MEMORANDUM OPINION

Plaintiff Jeffrey Willingham has filed a motion seeking relief from the Court's order dismissing his RICO claims against defendants Industrial Chemicals, Inc. and William Welch. (Doc. 35). Mr. Willingham asks the Court to either reinstate his RICO claims, allow him to file an amended complaint, or certify the Court's decision to dismiss his RICO claims for appeal under Rule 54(b). (Doc. 35, p. 1). For the reasons explained below, the Court denies Mr. Willingham's motion for relief.

## BACKGROUND

The defendants fired Mr. Willingham from his job at Industrial Chemicals. Mr. Willingham alleges that the defendants fired him because of his disability and because of his race in violation of the Americans with Disabilities Act and 42

U.S.C. § 1981. (Doc. 18). The defendants have not asked the Court to dismiss Mr. Willingham's ADA claim, and the Court previously has determined that Mr. Willingham has adequately pleaded his claim for race discrimination. (*See* Doc. 34).

The focus of this order is Mr. Willingham's third theory of recovery – his RICO theory. Mr. Willingham asserts that IC and Mr. Welch, Mr. Willingham's "ultimate boss," violated RICO because they knowingly employed at least two illegal aliens, and when IC fired him, the company unlawfully chose to retain an illegal alien in a job which Mr. Willingham "had previously performed and was willing and able to perform again." (Doc. 18, pp. 4-5). The Court dismissed Mr. Willingham's RICO claims because the Court found that "that Mr. Willingham did not plead facts that would allow the Court to infer that the defendants' alleged RICO violations were a substantial factor in the causal chain" that resulted in his termination. (Doc. 34, p. 6). Because Mr. Willingham alleges that he worked alongside at least one illegal alien at IC, and because he alleges that other factors – race and disability – contributed to his unlawful termination, the Court was unable to conclude that there was a substantial causal connection between IC's alleged employment of illegal aliens and Mr. Willingham's termination. (Doc. 34, pp. 6-8). Mr. Willingham argues that the Court clearly erred in construing his factual

allegations and that he is, therefore, entitled to relief from the order dismissing his RICO claims.

## STANDARD OF REVIEW

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Wallace v. Holder*, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012). Reconsideration is appropriate when there is a "change in controlling law," when new evidence becomes available, or when a court must correct clear error or prevent manifest injustice. *Wallace*, 846 F. Supp. 2d at 1248.

## DISCUSSION

### 1. Reinstatement of RICO Claims

Mr. Willingham argues that the Court clearly erred when it concluded that the factual allegations supporting his RICO claims fail to give rise to an inference of proximate causation. Mr. Willingham contends that his allegation that "Defendants fir[ed] Plaintiff, an American, and retain[ed], and prefer[ed] to retain, at least one illegal alien" fairly addresses the causation element of his RICO claims. The Court will assume for purposes of this motion that Mr. Willingham is

correct but still will dismiss his RICO claims because Mr. Willingham has failed to properly allege a RICO claim for a separate reason. (Doc. 35, p. 4).[1]

Mr. Willingham's RICO allegations fail to state a colorable RICO claim because there cannot be a RICO conspiracy between only a company and its employees. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016). To properly allege a RICO violation, a plaintiff must identify a RICO enterprise, and the members of an enterprise must be distinct from one another. *Ray*, 836 F.3d at 1355-57. "[A] corporate defendant acting through its officers, agents, and employees is simply a corporation. Labeling it as an enterprise as well would only amount to referring to the corporate 'person' by a different name." *Ray*, 836 F.3d at 1357. Because Mr. Willingham alleges only that IC conspired with one of its employees, he has not alleged a valid RICO claim. *See Burchfield v. Indus. Chems., Inc.*, No. 2:11-CV-2816-RDP, 2012 WL 5872808 (N.D. Ala. Nov. 16, 2012); *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste*, No. 2:09CV192-MHT, 2011 WL 2893629, at *2–3 (M.D. Ala. 2011) (citing cases to

---

[1] Both the United States Supreme Court and the Eleventh Circuit Court of Appeals have indicated that, when ruling on a motion to dismiss RICO claims, a district court must consider whether the plaintiff has adequately pleaded causation. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016) (citing *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (1991)). "If the pleadings indicate that other causes contributed to the plaintiff's injuries, then the plaintiff must demonstrate that the alleged RICO violation was a substantial factor in that causal chain." (Doc. 34, p. 6 (citing *Simpson v. Sanderson Farms*, 744 F.3d 702, 712 (11th Cir. 2014)). Because Mr. Willingham alleges that his disability and his race were factors contributing to his unlawful termination, he must show that a RICO violation was a substantial factor in causing his termination. The Court will not explain again why it believes Mr. Willingham's allegations are insufficient because the Court will dismiss the RICO claims based on Mr. Willingham's failure to allege a RICO enterprise.

support the proposition that "a corporation and its associated subsidiaries, employees and agents do not form an enterprise that satisfies the distinctness requirement under RICO.").

## 2. The Futility of Granting Leave to Amend the Complaint

Mr. Willingham attached a proposed second amended complaint to his motion for reconsideration. (Doc. 35-1). Because Mr. Willingham is outside of the 21-day window for freely amending his pleading, he may amend if the Court gives him leave to do so under Federal Rule of Civil Procedure 15(a)(2). That rule provides that a district court should freely give a plaintiff leave to amend his pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). But a district court may deny a motion to amend "when (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile." *Lucas v. USAA Cas. Ins. Co.*, 716 Fed. Appx. 866, 870 (11th Cir. 2017); *see generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1015 (11th Cir. 2005) (denying plaintiff's motion to amend because "[t]he deficiencies of the second amended complaint remained in the proposed complaint").

Here, Mr. Willingham's proposed second amended complaint does not address the deficiencies in his current complaint. (Doc. 35-1, p. 5). Therefore, it would be futile to allow the amendment.

### 3. Certification for Appeal

Under Federal Rule of Civil Procedure 54(b), a district court must conduct a two-step analysis to determine whether to certify an order for an interlocutory appeal. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). First, a court must determine whether the decision that a party seeks to appeal is in fact a final judgment. *Lloyd Noland Found., Inc.*, 483 F,3d at 777. Second, a court must find "there are no just reasons to delay the appeal of [the] individual final judgment[]." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

The Supreme Court has instructed district courts to be mindful of "the historic federal policy against piecemeal appeals" and the "'judicial administrative interests as well as the equities involved'" when considering a request for an interlocutory appeal. *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

This case is in the early stages of discovery, and Mr. Willingham is able to pursue his discrimination claims. (Doc. 35, p. 11). Should discovery produce evidence that would allow Mr. Willingham to properly allege a RICO claim, Mr.

Willingham may ask for permission to pursue a RICO claim at that juncture. *See* FED. R. CIV. P. 54(b). Mr. Willingham has not indicated that he will suffer substantial prejudice if he must wait until his theories of discrimination are adjudicated before he may appeal the dismissal of his RICO claims.

By contrast, certifying the dismissal of Mr. Willingham's RICO claims for appeal now would force the defendants to continue to litigate issues that they already have argued in their motion to dismiss, in a hearing before this Court, and in their response to Mr. Willingham's present motion for relief. (Docs. 21, 31, 38). Given the opportunities that Mr. Willingham has had to make his arguments, the Court does not believe that it is a prudent use of the Court's or the parties' resources to certify the dismissal of the RICO claims for immediate appeal.

**CONCLUSION**

For the foregoing reasons, the Court denies Mr. Willingham's motion for reconsideration and declines to reinstate Mr. Willingham's RICO claims. Mr. Willingham may proceed against the defendants on his claims for discrimination in violation of the ADA and 42 U.S.C. § 1981.

**DONE** and **ORDERED** this November 29, 2018.

_____

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE